Exhibit A

Mr. Morris Jackmon
#256592-526665B
East Jersey State Prison
Lock Bag R
Rahway, NJ 07065

SUPERIOR COURT
MIDDLESEX COUNTY
RECEIVED & FILED
OCT 16 2017
DEPUTY CLERK
OF SUPERIOR COURT

Plaintiff, *Pro se*

|  |  |
|---|---|
| **MORRIS JACKMON,** : | SUPERIOR COURT OF NEW JERSEY LAW DIVISION-CIVIL MIDDLESEX COUNTY |
| Plaintiff, : | **DOCKET NO.** MID-L-6156-17 |
| -vs- : |  |
| **N.J. DEPARTMENT OF CORRECTIONS,** : | **COMPLAINT WITH JURY DEMAND** |
| Defendant. : |  |

Morris Jackmon, of full age, residing at East Jersey State Prison, Lock Bag R, Rahway, NJ, 07065, by way of complaint, says:

**PRELIMINARY STATEMENT**

1. This is a civil rights complaint brought by a New Jersey prisoner, pursuant to the Religious Land Use And Institutionalized Persons Act (hereinafter "*RLUIPA*") of 2000, 42 *U.S.C.A.* § 2000cc-1, alleging that the defendant promulgated regulations that imposes a "substantial burden" on his religious exercise as a sincere member of the Nation of Gods And Earths, and that the offensive regulation is not in furtherance of a compelling governmental interest, nor is it the least

restrictive means of furthering any imagined compelling governmental interest.

**JURISDICTION**

2. This court has jurisdiction over the plaintiff's claims seeking injunctive relief pursuant to *N.J Const.*, art. VI, § 3, ¶ 2 and *R.* 4:3-2(a)(2).

**PARTIES**

3. The plaintiff is an inmate confined at the East Jersey State Prison in Rahway, NJ 07065, and is a sincere adherent to the teachings of the Nation of Gods & Earths (hereinafter "the Nation").

4. The defendant is the Department of Corrections (hereinafter "the Department" or "the D.O.C."), an agency of the State of New Jersey.

**FIRST COUNT**

5. As a member of the Nation, adherents are required and compelled to practice certain religious activities, including:

> (a) teaching others about the knowledge of who God is, (b) study the Supreme Mathematics, Supreme Alphabets, 120 Degrees, Universal Flag, monthly National Statements, and "The Five Percenter" newspaper periodicals, (c) observe holy days, which include the anniversaries of the birth and death of our founder, Clarence 13X Smith, also known as Father Allah, and the birthdays of Elijah Muhammad and Fard Muhammad, (d) conduct Civilization Classes, in which senior members educate newer members about the lessons and how they can be applied, and (e) gather monthly for "Parliaments" and "Rallies", during which members make

      collective decisions and help one another learn their lessons.

These recited activities are compelled by, and central to, the Nation's system of religious beliefs.

    6. Pursuant to the Department's February 27, 1998, policy statement for managing members of a Security Threat Group (hereinafter "STG"), "Security Threat Group Activities" are defined as activities or actions of an inmate which relate either directly or indirectly to goals of an STG. These activities include but are not limited to: Possession of STG literature such as, lessons, membership lists, manuals and artwork; Possession of STG paraphernalia such as, beads, artwork, medallions and clothing articles; Observation by staff of known STG hand-signs and/or signals; Participation in STG related assaults, disturbances, meetings, gatherings, incidents and events; Sending or receiving STG related correspondence; Recruiting of other inmates to join an STG.

    7. The policy document further states that there is a "Zero Tolerance" level for STG activity within the Department's correctional facilities. Accordingly, "[a]ny signs of [STG] activity shall be immediately dealt with, using the inmate disciplinary process. Disciplinary action shall result in every instance of an inmate's involvement in an activity related to [an STG]."

8. A March 4, 1998 notice to the inmate population listed the STG designations, including that of the Nation of Gods & Earths, and set forth the prohibition on STG activities.

9. Under the Department's regulations on inmate discipline, <u>N.J.A.C.</u> 10A:4-4.1, "[a]sterisk offenses" are prohibited acts considered to be the most serious violations, resulting in the most severe sanctions. <u>N.J.A.C.</u> 10A:4-4.1 lists offense "*.010" as "participating in an activity(ies) related to [an STG]" and lists offense "*.011" as "possession or exhibition of anything related to [an STG]."

**FIRST CAUSE OF ACTION**

10. The D.O.C.'s designation of the Nation as an STG and blanket ban on Nation literature and activities totally prevents plaintiff and other members of the Nation from exercising their religious beliefs, and imposes a substantial burden on their religious exercise.

11. The recited religious activities banned by D.O.C. policy and described more fully in paragraph 5, above, are compelled by, and central to, the Nation's system of religious beliefs.

12. The D.O.C.'s designation of the Nation as an STG and blanket ban on all Nation literature and activities substantially burdens the estimated 900 members of the Nation in D.O.C. custody (inclusive of plaintiff), and violates the

Religious Land Use And Institutionalized Persons Act of 2000, 42 *U.S.C.A.* § 2000cc-1.

13. The D.O.C.'s designation of the Nation as an STG and blanket ban on Nation literature and activities proximately caused the plaintiff's injuries.

**DEMAND FOR RELIEF**

14. WHEREFORE, plaintiff demands injunctive relief requiring the defendant to remove the Nation from designation as an STG and to permit plaintiff and other Nation members to practice, without impunity, the religious activities described more fully in paragraph 5, above, which are compelled by, and central to, the Nation's system of religious beliefs.

**NOTICE OF OTHER ACTIONS AND PERSONS SUBJECT TO JOINDER**

Pursuant to *R.* 4:5-1(b)(2), the undersigned hereby certifies that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, and that no other action or arbitration proceeding is contemplated. He further certifies that all member of the Nation of Gods & Earths incarcerated within the New Jersey Department of Corrections should be joined in the action pursuant to *R.* 4:28 and are subject to joinder pursuant to *R.* 4:29-1(b) because of potential claims of these Nation members on the basis of the same transactional facts.

**CERTIFICATION OF COMPLIANCE WITH *RULE* 1:38-7(c)**

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with R. 1:38-7(b).

**DESIGNATION OF TRIAL COUNSEL**

The designation of trial counsel will be provided in a writing filed no later than ten days after the expiration of the discovery period, pursuant to R. 4:25-4.

**CERTIFICATION IN LIEU OF OATH**

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: 8 / 7 /2017

Morris Jackmon
Plaintiff, *Pro se*

**Appendix XII-B1**



| CIVIL CASE INFORMATION STATEMENT (CIS) Use for initial Law Division Civil Part pleadings (not motions) under *Rule* 4:5-1 **Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed** | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|
| | PAYMENT TYPE: ☐ CK ☐ CG ☐ CA |
| | CHG/CK NO. |
| | AMOUNT: |
| | OVERPAYMENT: |
| | BATCH NUMBER: |

| 1. ATTORNEY / PRO SE NAME<br>Morris Jackmon | 2. TELEPHONE NUMBER<br>NA | 3. COUNTY OF VENUE<br>Middlesex |
|---|---|---|
| 4. FIRM NAME (if applicable)<br>Pro Se | | 5. DOCKET NUMBER (when available)<br>MID-L-6156-17 |
| 6. OFFICE ADDRESS<br>East Jersey Staste Prison, Lock Bag R,<br>Rahway, NJ 07065 | | 7. DOCUMENT TYPE<br>Complaint |
| | | 8. JURY DEMAND ☒ YES ☐ No |

| 9. NAME OF PARTY (e.g., John Doe, Plaintiff)<br>Morris Jackmon,<br>Plaintiff | 10. CAPTION<br>MORRIS JACKMON<br>-vs-<br>N.J. DEPARTMENT OF CORRECTIONS |
|---|---|

| 11. CASE TYPE NUMBER<br>(See reverse side for listing)<br>005 | 12. HURRICANE SANDY RELATED?<br>☐ YES  ☒ NO | 13. IS THIS A PROFESSIONAL MALPRACTICE CASE?  ☐ YES  ☒ NO<br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
|---|---|---|
| 14. RELATED CASES PENDING?<br>☐ YES  ☒ No | | 15. IF YES, LIST DOCKET NUMBERS<br>NA |
| 16. DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?<br>☐ YES  ☒ No | | 17. NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)<br>☐ NONE<br>☒ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| 18. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?<br>☐ YES  ☒ No | IF YES, IS THAT RELATIONSHIP:<br>☐ EMPLOYER/EMPLOYEE  ☐ FRIEND/NEIGHBOR  ☐ OTHER (explain)<br>☐ FAMILIAL  ☐ BUSINESS |
|---|---|
| 19. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? | ☐ YES  ☐ No |

20. USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

NA

SUPERIOR COURT
MIDDLESEX COUNTY
RECEIVED & FILED
OCT 16 2017
DEPUTY CLERK
OF SUPERIOR COURT

| ♿ 21. DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ YES  ☒ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION<br>NA |
|---|---|
| 22. WILL AN INTERPRETER BE NEEDED?<br>☐ YES  ☒ No | IF YES, FOR WHAT LANGUAGE<br>NA |

23. I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

24. ATTORNEY SIGNATURE: *Morris Jackmon*

```
MIDDLESEX VICINAGE CIVIL DIVISION
P O BOX 2633
56 PATERSON STREET
NEW BRUNSWICK     NJ 08903-2633
                                         TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (732) 645-4300
COURT HOURS  8:30 AM - 4:30 PM

                         DATE:    OCTOBER 17, 2017
                         RE:      JACKMON MORRIS VS NJ DEPT OF CORRECTIONS
                         DOCKET:  MID L -006156 17

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON PHILLIP L. PALEY

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     002
AT:  (732) 519-3737 EXT 3737.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                         ATTENTION:
                                    JACKMON           MORRIS
                                    #256592-526665B
                                    EAST JERSEY STATAE PRISON LOCK BAG R
                                    RAHWAY           NJ 07065


JUMLEE2
```