Exhibit B

Mr. Morris Jackmon
#256592-526665B
East Jersey State Prison
Lock Bag R
Rahway, NJ 07065

Plaintiff, *Pro se*

|  |  |
|---|---|
| **MORRIS JACKMON,** : | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION-CIVIL<br>MIDDLESEX COUNTY<br>DOCKET NO. L-6156-17 |
| Plaintiff, : |  |
| -vs- : | <u>Notice of Motion</u> |
| **N.J. DEPARTMENT OF** :<br>**CORRECTIONS,** | FOR CLASS ACTION CERTIFICATION,<br>PURSUANT TO *Rule* 4:32-1(b) |
| Defendant. : |  |

To:

| Christopher S. Porrino,<br>Attorney General<br>Attorney General's Office<br>Division of Law<br>P.O. Box 116<br>Trenton, NJ 08625-0116 | Gary M. Lanigan, Comm.,<br>N.J. Dep't. of Corr.<br>Whittlesey Road<br>P.O. BOX 863<br>Trenton, NJ 08625-0863 |
|---|---|

**PLEASE TAKE NOTICE** that on a date and time to be set by the court, the undersigned shall make application before the Superior Court of New Jersey, Law Division, Middlesex County, at the Courthouse located at 56 Paterson St., New Brunswick, NJ 08903-0964, for an order granting class action certification, pursuant to *R.* 4:32-1(b).

Reliance shall be placed on the annexed Letter-Brief.

Oral argument is requested if the motion is opposed.

A proposed form of order is attached hereto.

Dated: 8 / 7 /2017

x_____
Morris Jackmon
Plaintiff, *Pro se*

Mr. Morris Jackmon
#256592-526665B
East Jersey State Prison
Lock Bag R
Rahway, NJ 07065

Plaintiff, *Pro se*

|  |  | SUPERIOR COURT OF NEW JERSEY |
|---|---|---|
|  |  | LAW DIVISION-CIVIL |
| **MORRIS JACKMON**, | : | MIDDLESEX COUNTY |
|  |  | **DOCKET NO.** |
| Plaintiff, | : |  |
|  |  |  |
| -vs- | : |  |
|  |  | CERTIFICATION IN SUPPORT OF MOTION |
| **N.J. DEPARTMENT OF** | : | FOR CLASS ACTION CERTIFICATION, |
| **CORRECTIONS**, |  | PURSUANT TO *R.* 4:32-1(b) |
|  |  |  |
| Defendant. | : |  |

I Morris Jackmon, of full age, does certify the following statements to be true:

1. I am the plaintiff above-named and I am appearing *pro se*. I am fully familiar with the facts and circumstances of this matter and I make this certification in support of the within Motion for class action certification, pursuant to *R.* 4:32-1(b).

2. This is a civil rights action seeking injunctive relief, alleging that religious restrictions imposed by the Department of Corrections (hereinafter "D.O.C.") on members of the Nation of Gods & Earths (hereinafter "Nation"), is violative of the Religious Land Use and Institutionalized Persons Act of 2000, 42 *U.S.C.A.* § 2000cc-1 (hereinafter "*RLUIPA*").

3. The complaint alleges that the illegal D.O.C. policy substantially burdens all members of the Nation equally and that there are an estimated 900 members of the Nation in D.O.C. custody. See, Complaint, ¶ 12.

4. The undersigned submits that 1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the

claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

5. The undersigned further submits that the prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for the party opposing the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

6. In addition to the above, the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The factors supporting these findings include: (A) the non-existent interest of members of the class in individually controlling the prosecution of separate actions; (B) no other litigation concerning the controversy already commenced by or against members of the class; (C) the desirability in concentrating the litigation of the claims in this particular forum; and (D) no difficulties likely to be encountered in the management of a class action.

7. For all of these compelling reasons, the undersigned respectfully and humbly prays that this Honorable Court grant the within motion for class certification, along with any other and further relief that is just and equitable.

### CERTIFICATION IN LIEU OF OATH

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: 8 / 7 /2017

X _____
Morris Jackmon
Plaintiff, *Pro se*

Mr. Morris Jackmon
#256592-526665B
East Jersey State Prison
Lock Bag R
Rahway, NJ 07065

Plaintiff, *Pro se*

|  |  |  |
|---|---|---|
| **MORRIS JACKMON,** | : | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION-CIVIL<br>MIDDLESEX COUNTY<br>DOCKET NO. L-6156-17 |
| Plaintiff, | : |  |
| -vs- | : |  |
| **N.J. DEPARTMENT OF CORRECTIONS,** | : | On Motion for Class Action<br>Certification |
| Defendant. | : |  |

**LETTER-BRIEF IN SUPPORT OF MOTION FOR CLASS ACTION CERTIFICATION**

To: Honorable Judge of the Superior Court
    Courthouse
    56 Paterson St.
    New Brunswick, NJ 08903

Your Honor:

   Please accept this letter-brief in lieu of a more formal brief in support of the within motion for class action certification, pursuant to R. 4:32-1(b)(1).

**TABLE OF CONTENTS**

Page No.

PROCEDURAL HISTORY AND STATEMENT OF FACTS.. ..................... 1

STANDARD FOR DECIDING A MOTION FOR CLASS ACTION CERTIFICATION.. 2

**POINT ONE**

**THE INSTANT CIVIL RIGHTS ACTION SHOULD BE GRANTED CLASS ACTION CERTIFICATION, SINCE THE REQUIREMENTS OF R. 4:32-1(b)(1) ARE SATISFIED** ............................ 4

**POINT TWO**

**THE INSTANT CIVIL RIGHTS ACTION SHOULD BE GRANTED CLASS ACTION CERTIFICATION SINCE THE REQUIREMENTS OF R. 4:32-1(b)(3) ARE SATISFIED** ............................ 6

CONCLUSION ...................................................... 7

## PROCEDURAL HISTORY AND STATEMENT OF FACTS

The procedural history and statement of facts are closely intertwined and are being combined for brevity and convenience to the court.

This is a civil rights action brought by plaintiff Morris Jackmon, a New Jersey prisoner, alleging that religious restrictions imposed by the Department of Corrections on members of the Nation of Gods & Earths (hereinafter "Nation"), is violative of the Religious Land Use and Institutionalized Persons Act of 2000, 42 *U.S.C.A.* § 2000cc-1 (*RLUIPA*). Plaintiff seeks injunctive relief. Plaintiff alleges that this case is particularly suited for class action certification because, amongst other things, the number of Nation members is enormous and the disposition of this matter would have a precedential effect on all other members.

## STANDARD FOR DECIDING A MOTION FOR CLASS ACTION CERTIFICATION

"[C]lass certification should generally not be denied based on the complaint's merits." *International Union of Operating Engineers Local # 68 Welfare Fund v. Merck & Co., Inc.*, 384 *N.J. Super.* 275, 284 (App. Div. 2006)(citing *Olive v. Graceland Sales Corp.*, 61 *N.J.* 182, 189 (1972)). In fact, plaintiff's allegations must be considered to be true and accorded "every favorable view." *Delgozzo v. Kenny*, 266 *N.J. Super.* 169, 181 (App. Div. 1993)(quoting *Blackie v. Barrack*, 524 *F.*2d 891, 901

1

n.17 (9th Cir. 1975), cert. denied, 429 U.S. 816, 97 S. Ct. 57, 50 L. Ed. 2d 75 (1976), and Riley v. New Rapids Carpet Center, 61 N.J. 218, 223 (1972)). The question is not whether plaintiff can prevail on its claims, but whether the prosecution and defense of these claims are best addressed on a class-wide basis. Riley, supra, 61 N.J. at 226-28. Thus, in reviewing plaintiff's motion, this court must assume that plaintiff will be able to prove the serious and extensive allegations of RLUIPA violations allegedly perpetrated by the Department of Corrections. Int'l Union, supra, 384 N.J. Super. at 284.

Rule 4:32-1(a) provides that:

Requirements for Maintaining Class Action
(a) General Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

The four prerequisites that R. 4:32-1(a) imposes for certification (namely, numerosity, commonality, typicality, and adequacy of representation) are all readily satisfied in this case. As for numerosity, the Complaint, at ¶ 15, alleges a class of approximately 900 Nation members which, the plaintiff submits, is sufficiently numerous so that joinder is not a satisfactory alternative. R. 4:32-1(a)(1). Common questions of

2

law and fact arise from allegations that the defendant promulgated regulations that imposes a "substantial burden" on the religious exercise of the entire class as members of the Nation of Gods And Earths and that the regulation is not in furtherance of a compelling governmental interest nor is it the least restrictive means of furthering any perceived compelling governmental interest. See R. 4:32-1(a)(2). "The requirement that the claims of the representative parties be typical of the class, R. 4:32-1(a)(3), is sometimes equated with the requirement of R. 4:32-1(a)(4) that the representative parties fairly and adequately protect the interests of the class." In re Cadillac V8-6-4 Class Action, 93 N.J. 412, 430-31 (1983)(citing 3B Moore's Federal Practice, para. 23.06-2 (1982)). The claims of the representatives must "have the essential characteristics common to the claims of the class." Ibid. All plaintiffs claim that the defendant's policy towards the Nation equally impedes their ability to practice activities that are compelled by, and central to, the Nation's system of religious beliefs and seek to have those policies uplifted. This court should be satisfied that the claims of the representatives are typical and that the representatives will adequately protect the interests of the class.

3

### POINT ONE

**THE INSTANT CIVIL RIGHTS ACTION SHOULD BE GRANTED CLASS ACTION CERTIFICATION, SINCE THE REQUIREMENTS OF R. 4:32-1(b)(1) ARE SATISFIED**

*Rule* 4:32-1(b)(1) states:

(b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of paragraph (a) are satisfied, and in addition: (1) the prosecution of separate actions by or against individual members of the class would create a risk either of: (A) inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for the party opposing the class, or (B) adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

Although the Rules of Court address venue in terms of the "county" in which legal actions shall be filed, see *R.* 4:3-2(a); *R.* 4:3-3(a), New Jersey "courts are administratively organized into vicinages, twelve of which have only one county and three of which include more than one county." *Rutgers-The State Univ. v. Fogel*, 403 *N.J. Super.* 389, 400 (App. Div. 2008). With regard to *Rule* 4:32-1(b)(1)(A), because the Department of Corrections maintains correctional facilities, satellite units and halfway houses in all 15 vicinages, with Nation members housed in each of them, there is a realistic probability of multiple "inconsistent or varying adjudications with respect to individual members of the class that would establish

4

incompatible standards of conduct for the party opposing the class." *Rule* 4:32-1(b)(1)(A).

With respect to *Rule* 4:32-1(b)(1)(B), the plaintiff submits that any adjudication with respect to him would, as a practical matter, be dispositive of the interests of other Nation members not parties to the adjudication under the doctrine of collateral estoppel. Collateral estoppel, which is also known as issue preclusion, prohibits re-litigation of issues if its five essential elements are met. Those elements are that:

> (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) **the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.** [*Olivieri v. Y.M.F. Carpet, Inc.*, 186 *N.J.* 511, 521(2006)(Emphasis added)(quoting In re Estate of Dawson, 136 *N.J.* 1, 20-21 (1994)).]

The State High Court has described the concept of privity as being "necessarily imprecise." *Zirger v. Gen. Accid.Ins. Co.*, 144 *N.J.* 327, 338 (1996). "As we have explained, '[i]t is merely a word used to say that the relationship between the one who is a party on the record and another is close enough to include that other within the res judicata.'" *Allen v. V & A Bros., Inc.*, 208 *N.J.* 114, 139 (2011)(quoting *Bruszewski v. United States*, 181 *F.2d* 419, 423 (3d Cir.)(Goodrich, J., concurring), cert. denied, 340 *U.S.* 865, 71 *S. Ct.* 87, 95 *L. Ed.*

5

632 (1950)). "In general, '[a] relationship is . . . considered close enough only when the party is a virtual representative of the non-party.'" *Ibid.* (quotation marks omitted)(quoting *Collins v. E.I. DuPont de Nemours & Co.*, 34 *F.*3d 172, 176 (3d Cir.1994)). The plaintiff "is a virtual representative of the non-party" Nation members because they all claim that the defendant's policy towards the Nation equally impedes their ability to practice activities that are compelled by, and central to, the Nation's system of religious beliefs and all seek injunctive relief to have those policies ruled a violation of 42 *U.S.C.A.* § 2000cc-1 et seq.

## POINT TWO

**THE INSTANT CIVIL RIGHTS ACTION SHOULD BE GRANTED CLASS ACTION CERTIFICATION SINCE THE REQUIREMENTS OF *R*. 4:32-1(b)(3) ARE SATISFIED**

*Rule* 4:32-1(b)(3) states that an action may be maintained as a class action if:

> the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The factors pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class (C) the desirability or undesirability in concentrating the litigation of the claims in the particular forum; and (D) the difficulties likely to be encountered in the management of a class action.

Plaintiff maintains that, in this class action, the common legal and factual issues shared by plaintiff and the class members arising from the Department of Corrections' blanket policy which prevent Nation members from practicing activities compelled by, and central to, the Nation's system of religious beliefs will predominate over any individual questions. Plaintiff asserts that there is a total absence of individual issues amongst the class members, but that, even if there is some imagined insignificant differences about the class members' experience with the defendant's blanket policy towards Nation members practicing activities compelled by, and central to, the Nation's system of religious beliefs, it is well settled that the existence of individual issues does not defeat class certification. *Iliadis v. Wal-Mart Stores, Inc.*, 191 *N.J.* 88, 108-09 (2007)(to establish predominance, plaintiff does not have to show that there is an "absence of individual issues or that the common issues dispose of the entire dispute," or "that all issues [are] identical among class members or that each class member [is] affected in precisely the same manner.").Indeed, in a class-action setting, "[i]ndividual questions of law or fact may remain following resolution of common questions." *Id.* at 108. All in all, a court must determine "whether the proposed class is sufficiently cohesive to warrant adjudication by"

7

collective action through a class representative. *Ibid.* (citation and internal quotation marks omitted).

Plaintiff submits that there is no conceivable "interest of members of the class in individually controlling the prosecution or defense of separate actions," *R.* 4:32-1(b)(3)(A), as all causes of action and relief sought amongst the putative class members are identical, which is "the quintessential example of facts and circumstances that would support class-wide relief." *Int'l Union*, *supra*, 192 *N.J.* at 394.

Additionally, the plaintiff asserts that there is currently no "litigation concerning the controversy already commenced by or against members of the class," *R.* 4:32-1(b)(3)(B), which is another factor strongly weighing in favor of granting class certification. Moreover, in light of the outstanding number of class members in this case, "the desirability . . . in concentrating the litigation of the claims in the particular forum," *R.* 4:32-1(b)(3)(C), is sufficiently appropriate here since a critical purpose of class certification is to "save time and money for the parties and the public and to promote consistent decisions for people with similar claims." *In re Cadillac*, *supra*, 93 *N.J.* at 430-31.

Finally, there would be no conceivable "difficulties likely to be encountered in the management of a class action," *R.* 4:32-

8

MID L 006156-17   11/08/2017   Pg 14 of 15 Trans ID: LCV2017446515
Case 2:18-cv-00149-JXN-SDA   Document 1-2   Filed 01/05/18   Page 15 of 18 PageID: 27

1(b)(3)(D). As the State High Court ruled in *Lee v. Carter-Reed Co.*, 203 *N.J.* 496, 531 (2010):

> Denying class certification on manageability grounds is disfavored in general and not in any way justified in this particular case. Class actions by their very nature are complicated creatures, but they provide an efficiency of scale and an equitable means of relief for individuals who might otherwise not have access to the courthouse or the incentive or ability to right a wrong.

## CONCLUSION

Based on the foregoing facts, reasoning and citations of authority, the plaintiff respectfully and humbly prays that this Honorable Court grant class certification in this matter, pursuant to *R.* 4:32-2 et seq., and grant him any other and further relief that it may appear he is entitled.

Respectfully submitted,

Dated: 8 / 7 /2017

X _____
Morris Jackmon
Plaintiff, *Pro se*

Mr. Morris Jackmon
#256592/526665-B
East Jersey State Prison
Lock Bag R
Rahway, New Jersey 07065

Plaintiff, pro se

2017 OCT 16 P 3:33

*MOTIONS TEAM*

Date: 8 / 7 /2017

Mr. Ian Ratzlaff, Acting Civil Division Mgr.
Courthouse, Civil Records Office
56 Patterson Street
Post Office Box 2633
New Brunswick, New Jersey 08903-2633

Re: **Jackmon v. Dept. of Corrections,**
    **DOCKET NO.: Not Yet Provided**

Dear Mr. Ratzlaff:

    I previously submitted the enclosed documents for filing; however, they were returned with a deficiency notice because I did not have the standard fee waiver form.
    So once again enclosed for filing: (1) a Notice of Motion for Leave to Proceed as an Indigent, pursuant to Rule 1:13-2(a), a supporting Certification, and a Proposed form of Order; (2) a Complaint; (3) a Civil Case Information Statement: and (4) a Notice of Motion for Class Certification, pursuant to Rule 4:311(b), a supporting Certification and Letter-Brief, and a Proposed form of Order. Kindly return a copy of this cover letter with filing notations, as well as assigned judge and docket number at your earliest possible convenience. Your attention to this matter is tremendously appreciated.

                                            Cordially

                                            Morris Jackmon
                                            Plaintiff, pro se

cc: Christopher S. Porrino, Attorney General
    Gary M. Lanigan, Comm., N.J. Dept. of Corr.

Mr. Morris Jackmon
#256592-526665B
East Jersey State Prison
Lock Bag R
Rahway, NJ 07065

Plaintiff, *Pro se*

|  |  |
|---|---|
| **MORRIS JACKMON,** : | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION-CIVIL<br>MIDDLESEX COUNTY<br>DOCKET NO. L-6156-17 |
| Plaintiff, : |  |
| -vs- : | O R D E R |
| **N.J. DEPARTMENT OF** :<br>**CORRECTIONS,** |  |
| Defendant. : |  |

**THIS MATTER** having been opened to the court on the motion of the plaintiff, appearing *pro se*, and the court having considered the submissions of all parties, if any, and for good cause shown, it is on this ____ day of _____, 2017

**ORDERED** that the plaintiff's motion for class action certification, pursuant to *R.* 4:32-1(b)(1), be and is hereby

[ ] **Granted**   [ ] **Denied**; and it is further

ORDERED that the plaintiff shall cause a copy of this order to be served on the defendant within 5 days from the date hereof.

_____
J.S.C.

This Motion Was:
[ ] **Opposed**   [ ] **Unopposed**

Mr. Morris Jackmon
#256592-526665B
East Jersey State Prison
Lock Bag R
Rahway, NJ 07065

**FILED**

**DEC 19 2017**

Hon. Phillip Lewis Paley

Plaintiff, *Pro se*

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION-CIVIL
MIDDLESEX COUNTY
DOCKET NO. L-6156-17

**MORRIS JACKMON,**

  Plaintiff,

-vs-

ORDER

**N.J. DEPARTMENT OF CORRECTIONS,**

  Defendant.

**THIS MATTER** having been opened to the court on the motion of the plaintiff, appearing *pro se*, and the court having considered the submissions of all parties, if any, and for good cause shown, it is on this 19th day of December, 2017

**ORDERED** that the plaintiff's motion for class action certification, pursuant to R. 4:32-1(b)(1), be and is hereby

[ ] **Granted**     [✓] **Denied**; and it is further

**MOTION DENIED**

ORDERED that the plaintiff shall cause a copy of this order to be served on the defendant within 10 days from the date hereof.

J.S.C.
HON. PHILLIP LEWIS PALEY, J.S.C.

This Motion Was:
[ ] **Opposed**     [✓] **Unopposed**