**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MORRIS JACKMON, | : | Civ. No. 18-149 (KM) |
| Plaintiff, | : | |
| | : | **OPINION** |
| N.J. DEPARTMENT OF CORRECTIONS, | : | |
| Defendant. | : | |

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

Plaintiff Morris Jackmon, a state prisoner at East Jersey State Prison, filed a civil rights complaint against the New Jersey Department of Corrections ("Department") alleging violations of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et. seq.* (ECF No. 1-1.) Currently pending before this Court is the Department's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion to dismiss is denied.

## II. BACKGROUND

In October 2017, Mr. Jackmon filed a complaint in New Jersey state court, alleging violations under RLUIPA and seeking injunctive relief against the Department. On January 5, 2018, the Department filed a notice of removal to the United States District Court. (ECF No. 1.) Thereafter, the Department filed a motion to dismiss the complaint under Rule 12(b)(6), arguing that Mr. Jackmon fails to state a claim upon which relief can be granted. (ECF No. 3.) Jackmon

filed a brief in opposition to the Department's motion. (ECF No. 6.) The Department filed a reply, and Jackmon filed a response. (ECF Nos. 10 & 11.)

In his complaint, Jackmon alleges that he is a sincere member of the Nation of Gods and Earths ("Nation"). (ECF No. 1-1 at 2.) As a member of the Nation, Jackmon states that he is compelled to practice various religious activities, including:

> (a) teaching others about the knowledge of who God is, (b) study the Supreme Mathematics, Supreme Alphabets, 120 Degrees, Universal Flag, monthly National Statements, and "The Five Percenter" newspaper periodicals, (c) observe holy days, which include the anniversaries of the birth and death of our founder, Clarence 13X Smith, also known as Father Allah, and the birthdays of Elijah Muhammad and Fard Muhammad, (d) conduct Civilization Classes, in which senior members educate newer members about the lessons and how they can be applied, and (e) gather monthly for "Parliaments" and "Rallies", during which members make collective decisions and help one another learn their lessons.

(*Id.* at 3–4.)

Jackmon explains that the Department enacted a policy in 1998 which designated the Nation as a Security Threat Group. (*Id.* at 5.) According to Jackmon, activities of all designated Security Threat Groups are restricted:

> These activities include but are not limited to: Possession of [Security Threat Group] STG literature such as, lessons, membership lists, manuals and artwork; Possession of STG paraphernalia such as, beads, artwork, medallions and clothing articles; Observation by staff of known STG hand-signs and/or signals; Participation in STG related assaults, disturbances, meetings, gatherings, incidents and events; Sending or receiving STG related correspondence; Recruiting of other inmates to join an STG.

(*Id.* at 4.)

Because of this designation, Jackmon states that he is unable to exercise his religious beliefs and a substantial burden has been placed on his religious exercise. (*Id.* at 5.) Jackmon

seeks injunctive relief requiring the Department to remove the Nation from the list of Security Threat Groups and permit him and others to engage in its religious practice. (*Id.* at 6.)

The Department moves to dismiss Jackmon's complaint under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 3-1.) The Department responds that Jackmon fails to state a claim under RLUIPA because the Department's policy designating the Nation as a security threat is the least restrictive means of furthering a compelling government interest. (*Id.* at 5–11.)

### III. LEGAL STANDARD

In resolving a motion to dismiss under Rule 12(b)(6), "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quotation and citation omitted). A complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (citation omitted). In addition, *pro se* pleadings are liberally construed. *See Glunk v. Noone*, 689 F. App'x. 137, 139 (3d Cir. 2017) (per curiam). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## IV. ANALYSIS

Mr. Jackmon alleges that his rights have been violated under RLUIPA. RLUIPA prevents the government from placing a "substantial burden" on a prisoner's religious exercise. RLUIPA provides:

> (a) No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person-(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1.

The Supreme Court in *Holt v. Hobbs* has explained that "RLUIPA protects 'any exercise of religion, whether or not compelled by, or central to, a system of religious belief[.]'" 135 S. Ct. 853, 862 (2015) (quoting 42 U.S.C. § 2000cc–5(7)(A)). RLUIPA provides "'greater protection' for religious liberty than is provided by the First Amendment." *Payne v. Doe*, 636 F. App'x 120, 124 (3d Cir. 2016) (citing *Hobbs*, 135 S. Ct. at 863).

In assessing whether a prison's policy has substantially burdened the practice of the inmate's religion, "we cannot 'inquir[e] into whether a particular belief or practice is 'central' to a prisoner's religion,' *Cutter v. Wilkinson*, 544 U.S. 709, 725 n.13 (2005), or question the 'truth' of his assertion of what his sincerely held religious beliefs require, *Gillette v. United States*, 401 U.S. 437, 457 (1971)'". *Robinson v. Superintendent Houtzdale SCI*, 693 F. App'x 111, 115 (3d Cir. 2017). If a plaintiff shows that a policy substantially burdens a sincerely held religious belief, the burden shifts to the defendant to show that the policy or practice furthers a compelling government interest and is the least restrictive means of doing so. *Hobbs*, 135 S. Ct. at 863.

4

Under the facts as alleged in this complaint, Mr. Jackmon is a follower of the Nation. (ECF No. 1-1 at 3.) The Department has enacted a zero-tolerance policy prohibiting all Nation literature, activities, and holy day observances, which are compelled by the religion. (*Id.* at 4–5); (*see also* ECF No. 6 at 10.) Nation adherents may not associate with any other Nation members, and may not possess any symbols, drawings, photographs, or texts that refer to the Nation's beliefs. (*Id.* at 9–10.) Prisoners who violate that policy are subject to significant disciplinary punishments or may face criminal prosecution. (*Id.*) Based on these facts, this Court is satisfied that Jackmon has pled facts sufficient to show that the Department's policy substantially burdens his sincerely held religious beliefs.

The Department appears to concede that Mr. Jackmon's religious observances are substantially burdened by the Department's policy. The Department argues, however, that the policy is the least restrictive means of pursuing a compelling government interest. This, however, is not a proper argument at the pleading stage. A District Court, in reviewing a Rule 12(b)(6) motion, cannot conclude "on the basis of the pleadings alone" whether the government has met its burden under RLUIPA: "[t]he feasibility of a religious accommodation usually is a fact-intensive inquiry . . . the defendants cannot meet their burden of proof without at least creating a summary judgment record." *Robinson*, 693 F. App'x at 117. At this stage, Mr. Jackmon is not required to established that he is entitled to relief; his burden is only to plead sufficient factual matter to state a *claim* for relief that is plausible on its face. *Twombly*, 550 U.S. at 570. He has done so.

The Department cites the Third Circuit case of *Fraise v. Terhune*, 283 F.3d 506, 513 (3d Cir. 2002). *Fraise*, however, upheld summary judgment for defendant, not the grant of a motion to dismiss; in addition, it was not decided under RLUIPA, but under the Free Exercise clause of

the First Amendment. *See* 283 F.3d at 513 (citing *Turner v. Safley*, 482 U.S. 78 (1987) (interpreting the Free Exercise clause).) The scope of RLUIPA, however, is not identical to that of the Free Exercise Clause of the First Amendment, so Free Exercise cases must be applied with care, if at all. *See Payne*, 636 F. App'x at 124 ("[i]n applying *Holt*, courts must be careful not to import reasoning from cases such as *Turner* involving First Amendment rights.").

RLUIPA, moreover, emphasizes the *particular* burden on the *particular* plaintiffs' beliefs: "RLUIPA requires the defendant . . . to demonstrate that the 'compelling government interest' and 'least restrictive means' test is satisfied with respect to the particular claimant . . .and should be addressed on a case-by-case basis . . .". *Robinson*, 693 F. App'x 118 (internal citations and quotations omitted). Thus even RLUIPA precedents relating to the Nation's religious practices must be applied cautiously.

For all of the above reasons, then, the motion to dismiss will be denied.[1]

## V. CONCLUSION

For the foregoing reasons, the Department's motion to dismiss the complaint is denied. An appropriate Order follows.

DATED: July 20, 2018

KEVIN MCNULTY
United States District Judge

---

[1] It also appears that Mr. Jackmon filed a motion for class action certification in state court, which the Department attached as Exhibit B in their notice of removal. (ECF No. 1-2.) To the extent Mr. Jackmon is still seeking class certification, that motion is denied. *Pro se* plaintiffs cannot adequately represent a proposed class. *See Ali v. Jersey City Parking Auth.*, No. 13-2678, 2014 WL 1494578, at *8 (D.N.J. Apr. 16, 2014) (explaining that "[u]nder Federal Rule of Civil Procedure 23, a *pro se* plaintiff cannot represent a class because a class of similarly situated individuals must be represented by counsel."), *aff'd*, 594 F. App'x 730 (3d Cir. 2014).