Morris Jackmon,
#256592/526665-B
East Jersey State Prison
Lock Bag R
Rahway, N.J. 07065

Dated: _11_ / _26_ /2018

The Clerk of the Court
United States District Court
District of New Jersey
Martin L. King Courthouse
50 Walnut Street
Newark, New Jersey 07101

      Re:    *MORRIS JACKMON v. NJ DEP'T OF CORRECTIONS*
                  Civil Action No. 18-149 (KM-SCM)

Dear Honorable Judges:

      Please find enclosed an original and copies of my *pro se* Notice of Motion For Leave to Expand the Amended Complaint, Certification in support of Motion, Proposed Order, and Certification of Service. **Please note** that the previously filed Amended Complaint was inadvertently filed with claim deficiencies. Would you be kind enough to withdraw the deficient filings and mark the current filing as **"RECEIVED" or "FILED"** and return to me in the stamped, self-addressed envelope.

      Thank you for your courtesy and assistance.

                              Respectfully,

                              Morris Jackmon, *pro se*

Morris Jackmon,
#256592/526665-B
East Jersey State Prison
Lock Bag R
Rahway, New Jersey 07065

MORRIS JACKMON,

     Plaintiff,

     v.

NEW JERSEY DEPARTMENT OF
CORRECTIONS,

     Defendants.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
VICINAGE OF NEWARK

HON. KEVIN MCNULTY, U.S.D.J.
HON. STEVEN C. MANNION, U.S.M.J.

Civil Action No. 18-149 (KM-SCM)

**NOTICE OF MOTION FOR LEAVE TO
EXPAND THE AMENDED COMPLAINT WITH
JURY DEMAND**

TO:    Gurbir S. Grewal
       ATTORNEY GENERAL OF NEW JERSEY
       R.J. Hughes Justice Complex
       25 Market street
       P.O. Box 112
       Trenton, New Jersey 08625-0112

     PLEASE TAKE NOTICE that on a date and time to be set by the Court, the

undersigned, Morris Jackmon, Plaintiff pro se, shall move before the Honorable

Kevin McNulty, U.S.D.J., in the United States Court House, Newark, New

Jersey, for an Order granting Plaintiff's Notice of Motion For Leave To Expand

the Amended Complaint With Jury Demand.

     In support of this motion, plaintiff will rely upon the hereto attached

certification.

Respectfully submitted,

Date: __11__ / _26_ /2018

Morris Jackmon, *pro se*

Morris Jackmon,
#256592/526665-B
East Jersey State Prison
Lock Bag R
Rahway, New Jersey 07065

MORRIS JACKMON,

     Plaintiff,

     v.

NEW JERSEY DEPARTMENT OF
CORRECTIONS,

     Defendants.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
VICINAGE OF NEWARK

HON. KEVIN MCNULTY, U.S.D.J.
HON. STEVEN C. MANNION, U.S.M.J.

Civil Action No. 18-149 (KM-SCM)

**C E R T I F I C A T I O N**

I, Morris A. Jackmon, hereby certify the following:

1.    I am the plaintiff-movant herein named.

2.    I am fully aware of the facts and the circumstances relative to this matter.

3.    I am submitting this Certification in support of the Notice of Motion For Leave to Expand the Amended Complaint With Jury Demand.

4.    The expansion of the amended Complaint is imperative, for there are other issues that are not included in the amended Complaint that are germane to this matter.

5.    After the mailing of the amended Complaint, it was discovered that the amended Complaint needed additional information; however, because the paralegal that is assisting me was given a disciplinary charge and placed in

Pre-Hearing Detention (PHD) for two weeks we were unable to add these issues to the amended Complaint. Additionally the previously filed Amended Complaint was inadvertently filed with claim deficiencies.

6.    Around August 2017, Defendants notified the inmate population of policy changes for accessing religious services via Religious Declaration which listed the approved services available to the inmate population. This form excluded the God Centered Culture of the NOGE.

7.    In January of 2018, Defendants confiscated two books, "The Five Percenters" by Michael M. Knight, and "Knowledge of Self" by Dr. Supreme Understanding, which was ordered by Plaintiff through source of sale.

8.    May 26, 2018 – Plaintiff was reassigned to restrictive housing. Department's stated justification:  Per administration, inmate has no right to specific housing designation.

9.    July 18, 2018 – Plaintiff was removed from his job assignment in the Inmate Program Center as an Institutional Library Clerk.

10.    July 24, 2018 - Plaintiff was terminated - as an institutional paralegal and denied legal access, cognitive and behavioral programming, and higher educational programming of the New Jersey Scholarship and Transformative Education in Prison (NJSTEP). This was the Defendant's retaliatory measure for the filing of this action.

## **CERTIFICATION IN LIEU OATH**

11.    I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false I am subject to punishment pursuant to 42 *U.S.C.* § 1746.

Date: _il_ / _28_ /2018

Morris  Jackmon, *pro se*

Morris Jackmon,
#256592/526665-B
East Jersey State Prison
Lock Bag R
Rahway, New Jersey 07065

| | |
|---|---|
| MORRIS JACKMON, | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY VICINAGE OF NEWARK |
| Plaintiff, | |
| v. | HON. KEVIN MCNULTY, U.S.D.J. HON. STEVEN C. MANNION, U.S.M.J. |
| NEW JERSEY DEPARTMENT OF CORRECTIONS, | Civil Action No. 18-149 (KM-SCM) |
| Defendants. | **CERTIFICATION OF SERVICE** |

I hereby certify that the Notice of Motion For Leave To Expand the Amended Complaint With Jury Demand, Certification in Support, Proposed form of Order and Certification of service were filed with the Clerk of the United States District Court, and that copies were served on Defendant via regular mail to:

Gurbir S. Grewal
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, New Jersey 08625-0112
Attorney for Defendant N.J Dept of Corrections

Respectfully submitted,

Date: _il_ / _25_ /2018

Morris Jackmon, *pro se*

Morris Jackmon,
#256592/526665-B
East Jersey State Prison
Lock Bag R
Rahway, New Jersey 07065

| | |
|---|---|
| MORRIS JACKMON, | UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>VICINAGE OF NEWARK |
| Plaintiff, | |
| v. | HON. KEVIN MCNULTY, U.S.D.J.<br>HON. STEVEN C. MANNION, U.S.M.J. |
| NEW JERSEY DEPARTMENT OF<br>CORRECTIONS, | Civil Action No. 18-149 (KM-SCM) |
| Defendants. | **EXPANDED - AMENDED COMPLAINT WITH JURY DEMAND** |

Morris Jackmon, of full age, residing at East Jersey State Prison, Lock Bag R, Rahway, NJ, 07065, by way of complaint, says:

## I. PRELIMINARY STATEMENT

1.      This Amendment to Plaintiffs Civil Rights Complaint is filed asking the Court to remedy and grant relief to the Plaintiff who is in the care, custody and control of the Defendants this legal complaint is against. They have denied relief to the Plaintiff who has exhausted all in house procedures seeking relief, justice and equal protection according to law. The Defendants are depriving Plaintiff of his 1st and 14th Amendment rights granted by the Constitution of the United States of America. Plaintiff seeks relief from the deprivation of Religious Land Use and Institutionalized Persons Act of 2000 (hereinafter "RLUIPA"), protections as well as the violation of all civil, natural, and human

rights protections granted by the Bill of Rights of the USA. Plaintiffs seeks relief from the Defendants who deprive Plaintiff his right to love and honor God as a sincere adherent of the NOGE commonly known as the Five percent. The Defendants are denying Plaintiff's right to live out and practice the Divine tenets of the NOGE's God Centered Culture and to love and honor God who he chooses to call Allah. (God Centered Culture is how sincere adherents of the NOGE define their Divine path to God. Federal courts have consistently held that the Divine God Centered Cultural path of the NOGE is as legitimate a path to God as religion is for those who use it to honor God; and thereby grant the NOGE equal constitutional protections granted religion.) The Defendants refusal to allow Plaintiff his right to love and honor God from the God Centered Culture perspective violates Plaintiff's 1st Amendment Establishment Clause protections that prohibits the government from making any law "respecting an establishment of religion." This clause not only forbids the government from establishing an official religion, but also prohibits government actions that unduly favor one religion over another. It also prohibits the government from unduly preferring religion over non-religion or non-religion over religion. The NJDOC under color of law as a governmental agency have violated the Establishment Clause by promulgating regulations that impose a substantial burden on Plaintiffs right to love and honor God as a sincere adherent of the NOGE that have punishments attached to them. Those punishments and blanket ban supports Plaintiffs complaint that the Defendants regulations are not in the furtherance of a compelling governmental interest. Nor is it the least

restrictive means of furthering any imagined compelling governmental interest. What this complaint is asserting, is that Defendants are subjecting Plaintiff to THEOLOGICAL DISCRIMINATION and persecution because Plaintiff chooses to love and Honor Allah as God from a God Centered Cultural perspective. Defendants acting in their official and individual capacities are allowing prisoner religious groups the right to practice their religion in a group setting but deny the Plaintiff any right to love and honor God in cell or in a group, which is why Plaintiff is seeking this courts attention and relief. The blanket ban on all things NOGE have literally denied Plaintiff his inalienable right to God as he understands God to be. Defendants denying Plaintiff his basic rights to God violates the 14th Amendment Equal protections and the Defendants choosing to invalidate Plaintiffs inalienable choice of God is a clear 1st Amendment Establishment Clause violation. The blanket ban and punishments suffered by Plaintiff removes all doubt that the Defendants are in clear violation of RLUIPA. Defendant's actions are in fact declaring that as long as Plaintiff is in their care, custody and control, he must wither apostate meaning give up God as he understands God to be or remain in under a STG label for special punishment at the Defendants direction. They seek to punish Plaintiff away from God he chooses to call Allah. For all this information, facts and reasons Plaintiff remains a sincere adherent of the NOGE suffering but through this civil rights complaint seeks the courts remedy and relief from the theological discrimination and persecution he is enduring at the hands of the Defendants so named in this Complaint.

2. Because additional parties to this action have been identified, Plaintiff herein names those defendants to this matter.

## II. STATEMENT OF CASE

This is a civil rights complaint brought by a New Jersey prisoner, pursuant to the Theological Land Use And Institutionalized Persons Act (hereinafter "RLUIPA") of 2000, 42 _U.S.C.A._ § 2000cc-1, alleging that the Defendants promulgated regulations that imposes a "substantial burden" on his theological exercise as a sincere adherent of the Nation of Gods And Earths, and that the offensive regulations is not in furtherance of a compelling governmental interest, nor is it the least restrictive means of furthering any imagined compelling governmental interest.

The Constitution states that every American has the inalienable right to God as they understand God to be. The mere fact that Plaintiff is a prisoner does not strip him of his right. Plaintiff is being denied that inalienable right by Defendants and is asserting through this complaint that the Defendant's denial of his Constitutional rights is a wrong that needs to be made right by removing the NOGE from the Defendants blanket ban, and STG stigma to begin with. Plaintiff then seeks relief from the court in mandating that Defendants grant the NOGE all rights and privileges enjoyed by other paths to God already accepted by the NJDOC. The Defendants refuse to allow Plaintiff the right to love and honor God who he chooses to call Allah. They also refuse to allow Plaintiff and all who love and honor God as he does, to live and practice their Divine God Centered Cultural tenets inside their prisons. They have banned

god as understood by the Plaintiff in all NJDOC prisons. Plaintiff's God Centered Culture is the path to God, given to the NOGE by Almighty God Allah himself in  1964 and thus cannot be dismissed as a mere "Culture" or way of life. Therefore, Plaintiff's path to God through our God given Divine God Centered Culture is equal to any religious path to God already accepted and supported by the Defendants in their prisons. Still, Defendants refuse to acknowledge that, by seeking to dictate to Plaintiff, how he loves and honors God is illegal in their prisons. Thus, the Defendants blanket ban against all things NOGE actually criminalizes Plaintiffs choice of God. The Defendants enforcement of harsh punishments, loss of good time, and other illegal injustices suffered by Plaintiff screams for relief from this Court. Plaintiff is suffering from the most restrictive means of repression and persecution at the Defendants hands. Plaintiff has had to suffer the indignity of having the NJDOC arm of the government declare that the NOGE is a gang that should be considered a security threat group which could not be further from the truth. Plaintiff states the following as fact: Who we are is the Nation of Gods and Earths. What we are is a Divine God Centered Culture. We received this Divine God Centered Culture from Almighty God Allah himself in 1964. Allah himself chose to give us this most sincere knowledge of God so we would know God is real and not just an idea or belief based in faith. Allah explained that we as Black people have been in bondage in a land that was not our own for 400 years as slaves and so he came to us in person so that we may once again know who and what is god. As he walked and talked with us he showed us the

reality of God in the flesh of his being which eliminated the need for religion to be our path to God. This Divine God Centered Culture is the path to God we walk each and every day in each and every way and through this filing we seek confirmation of our right to embrace it free from government intervention, persecution and theological discrimination. There is no government entity that can force us to accept their idea of God and reject Almighty God Allah we have seen with our own eyes to be the true and living God. The fact that Allah came to us in the flesh of the Blackman does not make the Plaintiff a criminal black supremacist as is the assertion of the NJDOC; it just means Black people love and honor the Black God of the universe as is our choice. The NOGE is a God Centered Culture and as such Plaintiff is required and compelled to live out and exercise tenets that lead to the actualization of the true and living God in the flesh of our very being. These tenets are our basic foundation teaching that religiously believing in a God that cannot be seen until you die. The fact that we see God in the flesh does not make God less than a Divine Supreme being rather it is the affirmation that the Supreme Being does exist, the God is real.

## III. JURISDICTION

3.     This court has jurisdiction over the Plaintiff's claims seeking injunctive relief pursuant to N.J Const., art. VI, § 3, ¶ 2 and R. 4:3-2(a)(2).

## IV. PARTIES

### A. Plaintiffs

4.     Plaintiff Morris Jackmon, #256592/526665-B, is an    inmate confined at the East Jersey State Prison in Rahway, NJ 07065, and is a sincere

adherent of the teachings of the Nation of Gods & Earths ("the Nation" or "NGE").

## B. Defendants

5.      Defendant PATRICK NOGAN, is the Administrator of East Jersey State Prison. As such, he is its chief executive officer and has complete control over Plaintiff, and is responsible for the day to day operation of the prison and owes a specific responsibility to Plaintiff to safeguard his rights, privileges, and immunities from unreasonable abridgement. Defendant Nogan has breached his responsibility to Plaintiff by failing to intervene in this matter, maintaining an ineffective and retaliatory remedial process, and is hereby sued in his individual capacity for damages, and in his official capacity for declaratory and injunctive relief.

6.      Defendant CINDY SWEENEY, is the Associate Administrator of East Jersey State Prison. As such, she is its secondary chief executive officer and has complete control over Plaintiff, and is responsible for the day to day operation of the Education Department/Law Library, and owes a specific responsibility to Plaintiff to safeguard his rights, privileges, and immunities from unreasonable abridgement. Defendant Sweeney has breached her responsibility to Plaintiff by terminating his job as an institutional paralegal and reassigning Plaintiff to Building Sanitation without cause.Also, by failing to intervene in this matter, maintaining an ineffective and retaliatory remedial process, and is hereby sued in her individual capacity for damages, and in her official capacity for declaratory and injunctive relief.

7.    Defendant SGT., MOUNTCASTLE-THOMAS, is the 1st Shift Mailroom Supervisor of East Jersey State Prison. As such, she has complete control over incoming and outgoing mail, and is responsible for the day to day operation of the prison's mailroom and therefore owes a specific responsibility to Plaintiff to safeguard his rights, privileges, and immunities from unreasonable abridgement. Defendant MountCastle-Thomas has breached her responsibility to Plaintiff by confiscating two books, "The Five Percenters" by Michael M. Knight, and "Knowledge of Self" by Dr. Supreme Understanding, which were ordered by Plaintiff through source of sale, and by failing to intervene in this matter, maintaining an ineffective and retaliatory remedial process, and is hereby sued in her individual capacity for damages, and in her official capacity for declaratory and injunctive relief.

8.    Defendant S.C.O. PIKUNICH, is the 1st shift mailroom officer of East Jersey State Prison. As such, he is responsible for the day to day operation of the prison's mailroom and owes a specific responsibility to Plaintiff to safeguard his rights, privileges, and immunities from unreasonable abridgement. Defendant Pikunich, while under the supervision of his shift supervisor MountCastle-Thomas has also breached his responsibility to Plaintiff by confiscating two books, "The Five Percenters" by Michael M. Knight, and "Knowledge of Self" by Dr. Supreme Understanding, which was ordered by Plaintiff through source of sale and has breached his responsibility to Plaintiff by failing to intervene in this matter, maintaining an ineffective and retaliatory

remedial process, and is hereby sued in his individual capacity for damages,

and in his official capacity for declaratory and injunctive relief.

## FIRST COUNT

9.    The NOGE is a Theo-Centric Culture, (God Centered Culture) and

as such are required and compelled to exercise certain ideas that conforms to

the actualization of the true and living God as God is understood including:

> (a) studying the Supreme Mathematics, Supreme Alphabets, (b)
> 120 Degrees, Universal Flag, monthly National Statements, and
> "The Five Percenter" newspaper periodicals, (c) teaching others
> about the knowledge of who God is, and (d) observe holy days,
> which include the anniversaries of the birth and death of our
> founder, Clarence Jowars Smith, also known as Father Allah,
> conduct Civilization Classes, in which senior adherents educate
> new adherents about the lessons and how they can be applied, and
> (e) gather monthly for "Parliaments" and "Rallies", during which
> adherents make collective decisions and help one another learn
> their lessons, and (f) observance of our four Honor Days, which
> are: 1.) "Father's Day" celebrated on February 22 and marked by
> fasting and communal reflection on Allah's legacy; 2.) "Show and
> Prove Day," which is celebrated on or around June 13;  3.) "the
> "Annual Family Day Event" or "Allah Social," celebrated on the last
> Saturday in August; and 4.) "Day One," which is celebrated on
> October 10th.

These God Centered Cultural tenets are immutable and central to the Plaintiff's

ability to love and honor God from the perspective of the NOGE. In opposition

to Plaintiff's ability to love and honor God according to these God Centered

Culture requirements the Defendants made everything the tenets demand the

Plaintiff do, which is to love and honor God illegal.

10.    Pursuant to the Department's February 27, 1998, policy statement

for managing adherents of a Security Threat Group (hereinafter "STG"),

"Security Threat Group Activities" are defined as activities or actions of an

inmate which relate either directly or indirectly to goals of an STG. These activities include but are not limited to: Possession of STG literature such as, lessons, list of adherents, manuals and artwork; Possession of STG paraphernalia such as, beads, artwork, medallions and clothing articles; Observation by staff of known STG hand-signs and/or signals; Participation in STG related assaults, disturbances, meetings, gatherings, incidents and events; Sending or receiving STG related correspondence; Recruiting of other inmates to join an STG.

11.    The policy document further states that there is a "Zero Tolerance" level for STG activity within the Department's correctional facilities. Accordingly, "[a]ny signs of [STG] activity shall be immediately dealt with, using the inmate disciplinary process. Disciplinary action shall result in every instance of an inmate's involvement in an activity related to [an STG]."

12.    A March 4, 1998 notice to the inmate population listed the STG designations, including that of the Nation of Gods & Earths, and set forth the prohibition on STG activities.

13.    Under the Department's regulations on inmate discipline, N.J.A.C. 10A:4-4.1, "[a]sterisk offenses" are prohibited acts considered to be the most serious violations, resulting in the most severe sanctions. N.J.A.C. 10A:4-4.1 lists offense "*.010" as "participating in an activity(ies) related to [an STG]" and lists offense "*.011" as "possession or exhibition of anything related to [an STG]."

**FIRST CAUSE OF ACTION**

14.    The D.O.C.'s designation of the Nation as an STG and blanket ban on Nation literature and activities totally prevents plaintiff and other adherents that are similarly situated from actualizing God in the manner that Plaintiff understands God to be in accordance to the teachings of the NGE and imposes substantial burden on their theological exercise. In accordance to the Divine God given God Centered Cultural tenets of the NOGE and imposes a most substantial burden on their ability to love and honor God free from theological discrimination and persecution. For these reasons the Plaintiff seeks relief.

15.    The Defendants have made it impossible for the God Centered Cultural tenets of the NOGE described more fully in Paragraph 9 to become part of the Plaintiffs life at all while in the custody of the NJDOC. To deny Plaintiff his natural, human, civil and inalienable right to love and honor God is torturous and anti-American. Plaintiffs God Centered Cultural tenets are immutable and central to the NOGE epistemic theological foundation given to us by Almighty god Allah himself. For these reasons the Plaintiff seeks relief.

16.    The D.O.C.'s designation of the Plaintiff and the NOGE as an STG and its repressive blanket ban on all things including our Book of Life, Universal Flag, Five Percenter Newspapers, Crowns with Tassels, Dietary Requirements and most importantly the denial of our ability to speak the word of God as we understand him substantially burdens the estimated 900 Sincere adherents of the NOGE Divine God Centered Culture. Plaintiff seeks RLUIPA

protection and any and all other protections for institutionalized persons, prisoners the court is at liberty to provide.

17.   Plaintiff seeks injunctive relief and compensation for pain and suffering due to the Defendants discriminatory acts that designated the Nation as an STG and blanket ban on Nation literature and activities which proximately caused the Plaintiff's injuries.

## DEMAND FOR RELIEF

18.   WHEREFORE, plaintiff demands injunctive relief requiring the defendant to remove the Nation from designation as an STG and to permit plaintiff and other Nation adherents to practice, without impunity, the God Centered activities described more fully in paragraph 9, above, which are compelled by, and central to, the Nation's God Centered Cultural ideas.

## NOTICE OF OTHER ACTIONS AND PERSONS SUBJECT TO JOINDER

The undersigned hereby certifies that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, and that no other action or arbitration proceeding is contemplated. He further certifies that all adherents of the Nation of Gods & Earths incarcerated within the New Jersey Department of Corrections should be joined in the action and are subject to joinder because of potential claims of these Nation adherents on the basis of the same transactional facts.

## CERTIFICATION IN LIEU OATH

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false I am subject to punishment pursuant to 42 *U.S.C.* § 1746.

## DESIGNATION OF TRIAL COUNSEL

The designation of trial counsel will be provided in a writing filed no later than ten days after the expiration of the discovery period.

## CERTIFICATION IN LIEU OF OATH

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false I am subject to punishment pursuant to 42 *U.S.C.* § 1746.

Dated: 11 / 28 /2018

Morris Jackmon, *pro se*

Morris Jackmon,
#256592/526665-B
East Jersey State Prison
Lock Bag R
Rahway, New Jersey 07065

|  |  |
|---|---|
| MORRIS JACKMON, | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY VICINAGE OF NEWARK |
| Plaintiff, | |
| v. | HON. KEVIN MCNULTY, U.S.D.J. HON. STEVEN C. MANNION, U.S.M.J. |
| NEW JERSEY DEPARTMENT OF CORRECTIONS, | Civil Action No. 18-149 (KM-SCM) |
| Defendants. | **O  R  D  E  R** |

THIS MATTER having come before the Court on motion of plaintiff, Morris Jackmon; and the Court having considered the papers submitted herein, this matter being decided under *Fed. R. Civ. P.* 78, and for good cause shown;

IT IS on this _____ day of _____, 2018;

ORDERED that the Plaintiff's Motion For Leave to Amend Complaint With Jury Demand is hereby: [ ]DENIED     [ ]GRANTED It is so ordered.

_____
HON. KEVIN MCNULTY, U.S.D.J.

The motion was:
__ opposed __ unopposed