UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MORRIS A. JACKMON,

            Plaintiff,

v.

NEW JERSEY DEPARTMENT OF
CORRECTIONS, et al.,

            Defendants.

Civil Action No. 18-149 (JXN)(SDA)

**MEMORANDUM AND ORDER**

**NEALS**, District Judge

      This matter is before the Court upon the motion for partial summary judgment filed by Defendants New Jersey Department of Corrections, Patrick Nogan, Cindy Sweeney, Sergeant Mountcastle-Thomas, and S.C.O. Pikunich (collectively "Defendants"), seeking summary judgment on Plaintiff's First Amendment Free Exercise claim and on Plaintiff's claim for compensatory damages. (*See* ECF No. 178.) Also before the Court is Plaintiff Morris A. Jackmon's ("Plaintiff") cross-motion for summary judgment. (ECF No. 182.) Plaintiff's cross-motion for summary judgment seeks summary judgment in favor of Plaintiff on the following claims: (1) First Amendment Free Exercise claim; (2) Religious Land Use and Institutionalized Persons Act ("RLUIPA") claim; (3) Fourteenth Amendment Equal Protection Clause claim; and (4) First Amendment Establishment Clause claim. (*See* ECF No. 182.) Defendants filed a letter brief opposing Plaintiff's cross motion for summary judgment. (ECF No. 184.) The Court has thoroughly reviewed the parties' submissions and finds that supplemental briefing is warranted on the following issues.

First, in their opposition letter brief, Defendants fail to oppose Plaintiff's request for summary judgment in Plaintiff's favor on his RLUIPA claim. (*See generally id.*) The Court will provide Defendants with additional time to file a supplemental opposition addressing Plaintiff's RLUIPA argument. If Defendants choose not to file a supplemental briefing on this issue, the Court may consider the issue as unopposed.

Second, in addressing Plaintiff's requests for summary judgment on his Equal Protection Clause and Establishment Clause claims, Defendants argue that Plaintiff did not raise these claims in his Amended Complaint. (ECF No. 184 at n. 1 and 2.) Defendants submit that they did not move for summary judgment on these issues because Defendants did not believe Plaintiff pled causes of action under the Equal Protection Clause and Establishment Clause.[1] (*See id.*) Although Plaintiff's Amended Complaint did not include these two claims as separate counts, Plaintiff explicitly stated in the Amended Complaint's preliminary statement that Defendants violated his right under the First Amendment Establishment Clause and Fourteenth Amendment Equal Protection Clause. (ECF No. 28 at 8-9.) Considering the *pro se* nature of Plaintiff's Amended Complaint, the Court finds Plaintiff raised an Equal Protection Clause claim and an Establishment Clause claim. Therefore, Defendants may file an amended motion for summary judgment addressing these two claims. Accordingly, in the interests of justice,

**IT IS** on this 13th day of January 2025,

**ORDERED** that within thirty (30) days of the date of this Order, Defendants may file a supplemental opposition to Plaintiff's cross-motion for summary judgment (ECF No. 182) addressing Plaintiff's RLUIPA argument; it is further

---

[1] Defendants also argue that Plaintiff fails to state a claim for relief under either the Equal Protection Clause or the Establishment Clause. (*See* ECF No. 184 at 7-14.)

**ORDERED** that Plaintiff may file a reply within fourteen (14) days of their receipt of the supplemental opposition papers; it is further

**ORDERED** that within thirty (30) days of the date of this Order, Defendants may file an amended motion for summary judgment addressing Plaintiff's Equal Protection Clause and Establishment Clause claims; it is further

**ORDERED** that if Defendants file an amended motion for summary judgment, Plaintiff may file a reply within fourteen (14) days of their receipt of the amended motion for summary judgment; it is further

**ORDERED** that Defendants' motion for partial summary judgment (ECF No. 178) and Plaintiff's cross-motion for summary judgment (ECF No. 182) are **ADMINISTRATIVELY TERMINATED** pending receipt of the ordered supplemental briefing, to be reopened by the Court either (1) upon receipt of the ordered supplemental briefing, or (2) at the expiration of the allowed time for said briefing; it is finally

**ORDERED** that the Clerk of Court shall serve a copy of this Order upon the parties electronically.

_____
HONORABLE JULIEN XAVIER NEALS
United States District Judge