**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MORRIS A. JACKMON,<br><br>Plaintiff,<br><br>v.<br><br>N.J. DEPARTMENT OF CORRECTIONS, *et. al.*,<br><br>Defendants. | Civil Action No. 18-149 (JXN) (SDA)<br><br>**OPINION** |

**NEALS**, District Judge

Before the Court is Defendants N.J. Department of Corrections ("NJDOC"), Patrick Nogan ("Nogan"), and Cindy Sweeney ("Sweeny") (collectively "Defendants") motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure[1] 12(c) ("Motion"). (ECF No. 228.) Plaintiff Morris A. Jackson ("Plaintiff") opposed the Motion (ECF Nos. 230, 232) and Defendants replied in further support (ECF No. 233). The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Defendants' Motion is granted, and Plaintiff's Amended Complaint is dismissed without prejudice.

## I. BACKGROUND[2]

Plaintiff is a member of the Nations of Gods and Earths ("NOGE"). (ECF No. 28 at 12–13.) As a member of NOGE, Plaintiff states that he is required to teach others "about the

---

[1] "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

[2] The Court thoroughly summarized the procedural and factual background of this matter in its Opinion granting in part Defendants' motion for summary judgment. (*See* ECF No. 211 at 2-6). Because the parties are familiar with the factual and procedural background, the Court recites only the background necessary for the instant Motion.

knowledge of who God is," study and read certain materials and periodicals, observe holy days and "Honor Days," conduct "Civilization Classes," and gather monthly with other members. (*Id.* at 15.) The New Jersey Department of Corrections ("NJDOC") has classified NOGE as a "Security Threat Group" or "STG". (*Id.* at 15–16.) As such, Plaintiff cannot possess NOGE literature or paraphernalia, use NOGE hand-signs or signals, participate in NOGE meetings or gatherings, send or receive NOGE-related correspondence, or recruit others to join NOGE. (*Id.* at 16.) The NJDOC has a "Zero Tolerance" policy for any prohibited behavior or conduct, and an inmate incurs disciplinary action for "every instance of an inmate's involvement in an activity related to [an STG]." (*Id.*)

The Amended Complaint alleges that Defendants Nogan, as Administrator of East Jersey State Prison, and Sweeney, as Associate Administrator of East Jersey State Prison, have "breached" their duty to safeguard Plaintiff's rights by "failing to intervene" and permit Plaintiff to practice his religion.[3] (*Id*. at 13.) In the Amended Complaint, Plaintiff demands relief, including that Defendants remove NOGE's classification as a STG and permit Plaintiff to engage in his NOGE activities. (*Id*. at 18.)

Plaintiff filed his original complaint in Middlesex County Superior Court in October 2017. Defendant NJDOC removed the case to this Court in January 2018. (ECF No. 1.) This matter was originally assigned to the Honorable Kevin McNulty, U.S.D.J. (ret.) ("Judge McNulty").[4]

[3] The Amended Complaint also raised claims against Sergeant Mountcastle-Thomas and S.C.O. Pikunich. (*See generally* ECF No. 28.) In its November 4, 2025, Opinion and Order, the Court dismissed all claims against these individuals. (*See* ECF Nos. 211, 212.)

[4] This matter was reassigned to the undersigned on June 28, 2021. (ECF No. 93.)

On December 3, 2018, Plaintiff filed his Amended Complaint. (ECF No. 28.) On November 19, 2019, Defendants filed a motion to dismiss the Amended Complaint (ECF No. 55), which Judge McNulty denied (ECF No. 61).

On August 27, 2021, Defendants filed their first motion for summary judgment. (ECF No. 105.) On September 12, 2022, the Court dismissed with prejudice Plaintiff's Religious Land Use and Institutionalized Person Act of 2000 ("RLUIPA") claims against Defendants in their individual capacities and Plaintiff's RLUIPA claims against Defendants in their official capacities to the extent Plaintiff sought monetary damages. (*See* ECF Nos. 125, 126.) The Court denied the remainder of Defendants' motion for summary judgment. (*Id.*)

On July 8, 2024, Defendants filed a motion for partial summary judgment, while Plaintiff filed a cross-motion. (ECF Nos. 178, 184.) Following the Court's January 13, 2025 Memorandum and Order (ECF No. 186), Defendants filed an amended motion for summary judgment on May 7, 2025. (ECF No. 196.) On November 4, 2025, the Court issued an Opinion and Order denying Plaintiff's cross-motion for summary judgment and granting in part and denying in part Defendants' amended motion for summary judgment. (ECF Nos. 211, 212.) The Court dismissed Plaintiff's 8 U.S.C. § 1983 claims against Defendants in their individual capacity for monetary damages. (ECF No. 211 at 22-23.) The only remaining claims in the Amended Complaint are Plaintiff's RLUIPA and Section 1983 claims against Defendants seeking injunctive relief. (*Id.*)

On or about November 25, 2025, then-Governor Philip D. Murphy commuted Plaintiff's sentence. (See ECF No. 228-3.) Plaintiff was released from NJDOC custody on December 4, 2025. (ECF No. 228-1 at 5.)

On March 26, 2026, Defendants filed the instant Motion pursuant to Rule 12(c), seeking dismissal of Plaintiff's remaining RLUIPA and Section 1983 claims for injunctive relief for lack

of subject matter jurisdiction. (*See* ECF No. 228.) Defendants argue that Plaintiff's remaining claims for injunctive relief are now moot following Plaintiff's release from NJDOC custody. (ECF No. 228-1 at 7-10.) Plaintiff opposed the Motion. (ECF Nos. 230, 232.) Defendants replied in further support. (ECF No. 233.) The Motion is now ripe for disposition.

## II. LEGAL STANDARD

Rule 12(c) provides: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A party may use a motion for judgment on the pleadings under Rule 12(c) "as a vehicle for raising several of the defenses enumerated in Rule 12(b) after the close of the pleadings[,]" e.g., lack of subject-matter jurisdiction (Rule 12(b)(1)) and failure to state a claim upon which relief can be granted (Rule 12(b)(6)). 5C Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1367 (3d ed. 2004); *Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991). When the defendant raises a Rule 12(b) defense in a Rule 12(c) motion for judgment on the pleadings, the court applies the same standards for deciding motions to dismiss under Rule 12(b). *Turbe*, 938 F.2d at 428.

Under Rule 12(b)(1), a court must dismiss a case if it lacks subject-matter jurisdiction over the complaint. Challenges to subject-matter jurisdiction under Rule 12(b)(1) may be facial or factual in form. *Gould Elec. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A facial challenge attacks the complaint on its face and requires the court to consider only the complaint's allegations and to do so in the light most favorable to the plaintiff. *Mortensen*, 549 F.2d at 891. A factual challenge contests the existence of subject-matter jurisdiction, apart from any pleadings. *Id.* In reviewing a factual challenge, the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case," even where disputed material facts exist. *Id.* In a factual challenge, the

plaintiff has the burden of persuasion to show that jurisdiction exists. *Id.*; *Gould*, 220 F.3d at 178. Mootness is a challenge to the court's jurisdiction and thus should be asserted under Rule 12(b)(1). *Mayer v. Wallingford-Swarthmore Sch. Dist.*, 405 F. Supp. 3d 637, 640 (E.D. Pa. 2019) ("Mootness is a proper basis for a 12(b)(1) motion to dismiss because the mootness doctrine implicates jurisdictional matters.").

## III. DISCUSSION

Defendants move to dismiss Plaintiff's Amended Complaint, arguing that the sole remaining claims under RLUIPA and Section 1983 for injunctive relief are moot because Plaintiff was released from East Jersey State Prison ("EJSP") and is no longer subject to the challenged restrictions Defendants previously imposed. (ECF No. 228-1 at 7-10.) Plaintiff replied, arguing that because he remains subject to the supervision and conditions of his parole, and subject to revocation and return to the custody of the NJDOC upon any violation of those conditions, his claims for injunctive relief are not moot. (ECF No. 230 at 3-9.)

Under Article III of the United States Constitution, federal courts have jurisdiction only when a live case or controversy remains to be resolved. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and *likely to be redressed by a favorable judicial decision*." *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (emphasis added) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis*, 494 U.S. at 477. "The parties must continue to have 'a personal stake in the outcome' of the lawsuit." *Id.* at 478 (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983)). "[I]f a case no longer presents a live case or controversy, the case is moot, and the federal court lacks jurisdiction to hear it." *Williams*

*v. New Jersey*, No. 18-14964, 2020 WL 3259223, at *2 (D.N.J. June 16, 2020) (citing *Nextel W. Corp. v. Unity Twp.*, 282 F.3d 257, 261 (3d Cir. 2002)). "An action becomes moot when '(1) there is no reasonable expectation that the alleged events will recur . . . and (2) interim relief or events have completely eradicated the effects of the violation.'" *Ames v. Westinghouse Electric Corp.*, 864 F.2d 289, 291-92 (3d Cir. 1988) (alteration in original) (quoting *Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)). Under these principles, "[a]n inmate's transfer from the facility complained of generally moots the equitable and declaratory claims." *Folk v. Warden Schuylkill FCI*, No. 23-1935, 2023 WL 5426740, at *2 (3d Cir. Aug. 23, 2023) (per curiam) (alteration in original) (quoting *Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003) (per curiam)); *Abdul–Akbar v. Watson,* 4 F.3d 195, 206 (3d Cir.1993) (holding that once a prisoner was released, he could have no continuing interest in the prison policies he was challenging).

An identified narrow exception to the mootness doctrine is when the "dispute is of such a nature that it is capable of repetition yet evading review." *Marshall v. Whittaker Corp., Berwick Forge & Fabricating Co.*, 610 F.2d 1141, 1144 (3d Cir. 1979). This doctrine is limited to cases where "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable likelihood that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975).

Plaintiff's claims against Defendants no longer present a live case or controversy. Plaintiff's RLUIPA and Section 1983 claims for injunctive relief arise from the policies and practices of NJDOC that Plaintiff alleged substantially burdened his ability to exercise his sincerely held religious beliefs while he was incarcerated at EJSP. Plaintiff has been released from EJSP and acknowledges that he is now under the supervision of the State Parole Board. (ECF No. 230 at 4.) Accordingly, Plaintiff is no longer subject to EJSP policies and procedures; rather, he is

currently subject to parole restrictions imposed by the State Parole Board. *See* N.J.A.C. § 10A:71-6.1 ("[A]ll parolees released from an adult correctional facility shall at all times be under the supervision of the Division of Parole in accordance with the policies and rules of the Board.")

Plaintiff first argues that his claims are not moot because he remains in the legal custody of the NJDOC. (ECF No. 230 at 3-4.) Plaintiff claims that although he has been released from physical incarceration, he is serving the remainder of his sentence on parole and therefore remains in custody of the NJDOC. (*Id.*) Although parole may constitute continuing legal custody for some purposes, this Court retains jurisdiction over Plaintiff's claims only if the named Defendants continue to subject Plaintiff to the policies and practices specifically challenged in the Amended Complaint. *See Banks v. Secretary Penn. Dept. of Corr.*, 601 F. App'x, 101, 103 (3d. Cir. 2015) (finding plaintiff's claims challenging policies and practices at SCI-Retreat moot, as he was transferred out of that facility and no longer subject to the challenged policies and practices). As Plaintiff has been released from EJSP, he is no longer subject to the prison restrictions challenged in the Amended Complaint. *See Abdul-Akbar,* 4 F.3d at 206 (holding that once a prisoner was released, he could have no continuing interest in the prison policies he was challenging).

Plaintiff next argues that it "remains to be seen whether [he] will be permitted to practice his religion while on parole." (ECF No. 230 at 5.) However, any potential restrictions on Plaintiff's religious practice would be implemented by the State Parole Board and would be new restrictions not at issue in Plaintiff's Amended Complaint.[5] Here, Plaintiff's RLUIPA and Section 1983 claims

---

[5] The Court notes that Plaintiff submits that he is required to comply with general conditions of parole, as well as the conditions of supervision imposed on him. Plaintiff has provided the Court with a copy of his Commutation of Sentence, which includes all of Plaintiff's general conditions of parole. This document does not appear to place any restrictions on Plaintiff's ability to exercise his religious beliefs. (*See* ECF No. 232 at 6-9.) Plaintiff submits that, pursuant to N.J.A.C. § 10A:4-4.1(a)(2)(ix), "engaging, participating, and/or recruiting others to participate in an activity(ies) related to a security threat group" is prohibited. However, N.J.A.C. § 10A:4-4.1(a)(2)(ix) is part of the Administrative Code pertaining to inmate discipline and is not a parole condition. Plaintiff fails to identify any condition listed in his Commutation of Sentence that places restrictions on his sincerely held religious beliefs.

for injunctive relief challenge Defendants' STG policies that restricted Plaintiff's ability to practice his religious beliefs within EJSP. Plaintiff's claims for injunctive relief are moot because he is no longer subject to the EJSP restrictions he challenged in this matter. *Sutton*, 323 F.3d at 248, (citing *Abdul-Akbar*, 4 F.3d at 197) ("An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims."); *see Weaver v. Wilcox,* 650 F.2d 22, 27 (3d Cir. 1981) (Appellant's claims for injunctive relief were properly dismissed following his release from county jail because he was "no longer subject to the alleged conditions he attempted to challenge," and therefore lacked a "personal stake in the litigation."). As such, Plaintiff's claims for injunctive relief against Defendants no longer "present a case or controversy susceptible to judicial resolution," and must be dismissed as moot. *Jersey Cent. Power & Light Co. v. State of N.J.*, 772 F.2d 35, 39 (3d Cir. 1985).

Finally, Plaintiff invokes the "capable of repetition" exception to mootness. (*Id.*) As noted above, the "capable of repetition" exception applies when "(1) the challenged action is, in its duration, too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Rendell v. Rumsfeld*, 484 F.3d 236, 241 (3d Cir. 2007). "The exception . . . is narrow and available only in exceptional situations." *Rendell*, 484 F.3d at 241. Plaintiff argues that any technical violation of his parole conditions may result in revocation of his parole and his return to physical confinement in EJSP. (ECF No. 230 at 5-8.) Plaintiff claims he remains afraid that attending a NOGE-sponsored event or associating with NOGE adherents may be construed as activity related to a security threat group and, consequently, a violation of the conditions of his parole. (ECF No. 232 at 2.) As such, Plaintiff argues he meets the exception to the mootness doctrine because there is a "reasonable

expectation that [he] may again be subject to the challenged policies." (ECF No. 230 at 8.) Plaintiff fails to establish that "there is a reasonable expectation" that he will be subject to the restrictions challenged in the Amended Complaint. The Third Circuit has found that "speculation" regarding a plaintiff's potential return to prison is not sufficient to overcome the mootness doctrine. *Cobb v. Yost*, 342 F. App'x 858, 859 (3d. Cir. 2009) (finding "[s]peculation that [plaintiff] could return to prison" does not fall in the "narrow limits of the exception of the mootness doctrine."); *see L.A. v. Lyons,* 461 U.S. 95, 103 (1983) (assuming that persons "'conduct their activities within the law and so avoid prosecution and conviction'") (quoting *O'Shea v. Littleton,* 414 U.S. 488, 497 (1974)). Plaintiff's argument that he may violate his parole in the future and be re-incarcerated at EJSP under the same challenged restrictions is speculative and does not meet the exception to the mootness doctrine. *See Parkell v. Danberg*, 833 F.3d 313, 333 (3d Cir. 2016) (denying a capable of repetition argument, explaining that plaintiff "must present more than generalities; he must establish a reasonable expectation that he, [], will again be subjected to the unconstitutional [] practices.")

Plaintiff's remaining RLUIPA and Section 1983 claims for injunctive relief likewise no longer present a live case or controversy. Plaintiff's remaining claims are moot, and the Court lacks jurisdiction to review them. *Williams*, No. 18-14964, 2020 WL 3259223, at *2. Accordingly, Plaintiff's Amended Complaint is dismissed without prejudice.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion (ECF No. 228) is **GRANTED**, and Plaintiff's Amended Complaint (ECF No. 28) is **DISMISSED** ***without prejudice***. An appropriate Order accompanies this Opinion.

**DATED**: 10/9/2026

**JULIEN XAVIER NEALS**
**United States District Judge**